T.C. Memo. 1996-382


UNITED STATES TAX COURT


MAGDY S. ELLABBAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16642-94.                Filed August 19, 1996.


Magdy S. Ellabban, pro se.

Halvor N. Adams III and Joan Casali, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COLVIN, Judge: Respondent determined that petitioner has a deficiency in Federal income tax of $111,795 for 1990 and additions to tax of $27,706 under section 6651(a)(1) and $797 under section 6654. Petitioner was president of Elan Leather Corp. (Elan). After concessions, we must decide the following:

1.    With respect to $146,193 of Elan's income that petitioner received but did not deposit in Elan's bank accounts, whether petitioner used $26,134 of that income to pay Elan's expenses as respondent contends; $120,059 as petitioner contends; or some other amount.  We hold that he used $26,134 to pay Elan's expenses.

2.    Of the $120,059 of Elan's income that petitioner did not deposit in Elan's bank accounts or use to pay Elan's expenses, whether all of it is taxable to petitioner, as respondent contends, or only one-half of it is taxable to petitioner, as petitioner contends.  We hold that $120,059 is taxable to petitioner.

3.    Whether petitioner is liable for the addition to tax under section 6651(a)(1) for failing to file a return for 1990. We hold that he is.

4.    Whether petitioner is liable for the addition to tax under section 6654 for underpaying his estimated tax for 1990. We hold that he is.

Section references are to the Internal Revenue Code in effect for the year in issue.  Unless otherwise stated, Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  Petitioner

Petitioner lived in Bellerose, New York, when he filed his petition.  Petitioner was Elan's president.  His former spouse kept Elan's books and records.

Petitioner had checking, savings, and credit accounts at Chemical Bank in 1990.  He had an American Express card in 1990.

Petitioner and his former spouse were divorced in March 1990.  Petitioner did not file a Federal income tax return for 1990.

B.  Elan Leather Corp.

Elan was formed in 1984 or 1985.  Emile Wahba (Wahba) has been Elan's accountant and tax preparer since 1985 or 1986, or about a year after Elan was incorporated.  Wahba prepared and Elan filed New York City and State corporate income tax returns for 1985.  Petitioner's former spouse signed the State and city returns with his approval.  On the returns, Elan reported that petitioner was its only officer and stockholder who owned more than 5 percent of its issued capital stock and who received any compensation.

Wahba filed an S corporation election for Elan before 1989. Wahba prepared Elan's 1989 Form 1120S, U.S. Income Tax Return for an S Corporation, which petitioner signed.  On it, Elan reported

that petitioner and his former spouse each owned 50 percent of the stock of Elan.  Elan reported that it had $12,334 in negative retained earnings at the end of 1989.

At a date not specified in the record, Elan applied to the State Insurance Fund for a disability insurance policy.  The application states that both petitioner and his former spouse owned Elan.

C.   Petitioner's Receipt of Elan's Funds in 1990

Sharif Designs, Ltd. (Sharif), and Jay Herbert Handbags, Inc. (Jay Herbert), were customers of Elan in 1990.  Petitioner received $368,288 in checks from Sharif and Jay Herbert in 1990. Sharif and Jay Herbert made the checks payable to petitioner. Petitioner endorsed and cashed them.

Petitioner deposited $222,095 of the $368,288 into Elan's checking account.  He did not deposit $146,193.  Petitioner used $26,134 of the $146,193 to pay expenses for Elan.

D.   Elan's 1990 Tax Return

Late in 1994 or early in 1995, petitioner's present spouse contacted Kabir Sheikh (Sheikh), an accountant, and gave him some of Elan's records.  Sheikh prepared a Form 1120 (U.S. Corporation Income Tax Return) for 1990, not knowing that Elan could have been an S corporation.  On February 23, 1995, petitioner filed that return for Elan.  On it, he reported that the $368,288 from Sharif and Jay Herbert was gross income to Elan.  Elan reported a

cost of goods sold of $261,628 and a loss of $4,947. Respondent audited Elan's 1990 corporate return and determined that Elan's cost of goods sold should be reduced by $124,904 because of lack of substantiation. Thus, respondent determined that Elan had taxable income of $119,957 rather than a $4,947 loss. On March 27, 1995, petitioner consented to immediate assessment and collection of Elan's 1990 deficiency in income tax and additions to tax for negligence and delinquency.

OPINION

A.   Whether Petitioner Paid More Than $26,134 of Elan's Expenses

In 1990, petitioner received $368,288 which was payable to Elan, deposited $222,095 of that amount in Elan's checking account, and did not deposit $146,193. The parties agree that petitioner paid at least $26,124 of Elan's expenses from the remaining $146,193 which he received for Elan but did not deposit in Elan's bank account. Petitioner contends that he used more than $26,134 of the $146,193 to pay Elan's expenses.

A taxpayer is required to keep adequate records to prepare income tax returns. Sec. 6001. Respondent's determination is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

1. Telephone Expenses, Rent, Taxes, and Unemployment Insurance

Petitioner contends in his posttrial brief that he paid more than respondent allowed for business expenses as follows: $600 for telephone expenses; $24,000 for rent; $950 for New York State tax; $3,000 for Federal tax; and $500 for unemployment insurance. Petitioner did not testify or offer any other evidence that he paid these amounts, and so he failed to meet his burden of proving he is entitled to deduct them.

2. Gas, Tolls, and Parking

Petitioner contends that he spent more than respondent allowed as follows: $1,300 for gas, $1,250 for tolls, and $2,660 for business parking. We disagree.

A taxpayer may not deduct car and truck expenses unless he or she substantiates by adequate records or sufficient evidence corroborating the taxpayer's own statement the amount, time and place, and business purpose of the expense. Sec. 274(d)(4).

Petitioner calculated the $1,300 for gas expenses by multiplying his estimate that he used his car 5,000 miles per year for business by 26 cents per mile. He estimated that his toll expenses were $5 per day. Respondent concedes that petitioner spent $1,759 for parking expenses, and that $1,329 of that amount was for business. Respondent included this $1,329 in the $26,134 amount that respondent allowed for Elan expenses. Petitioner testified generally about his parking expenses but

did not testify or provide any evidence about his gas expenses or tolls. Petitioner did not have a log, records, or other corroboration showing the mileage, dates, locations, or business purpose of any of the vehicle trips as required under section 274(d)(4). We conclude that he may not deduct more than respondent has allowed.

3. <u>American Express Charges</u>

Petitioner contends that he used his American Express credit card to pay $11,278 more than respondent allowed for Elan's expenses. He testified that the payments were for business meals, but he conceded that he could not substantiate that any of these meals had a strict business purpose. Petitioner has not met the substantiation requirements of section 274(d)(1).

4. <u>Depreciation</u>

Petitioner contends that respondent should have allowed Elan to claim an additional $3,090 for depreciation. We disagree. Elan is not a party here; even if it were, petitioner has not offered any evidence to show that Elan is entitled to additional depreciation.

5. <u>Conclusion</u>

We conclude that petitioner paid $26,134 of Elan's business expenses from the $146,193 which he received for Elan but did not deposit in Elan's bank account.

B.  Whether All or One-Half of the Remaining $120,059 Is
    Includable in Petitioner's Gross Income

The parties dispute how much of the remaining $120,059 is petitioner's gross income.  Petitioner contends that he owned only 50 percent of the stock of Elan and that, at most, one-half of the remaining $120,059 is includable in his gross income because Elan was an S corporation in 1990.  Respondent contends that petitioner owned all of the stock of Elan.  Respondent also contends that, even if petitioner owned only one-half of the stock of Elan, all of the remaining $120,059 is income to him.

1.  Whether Petitioner Owned All or One-Half of the Stock
    of Elan

We are not convinced that petitioner owned only 50 percent of the stock of Elan.  In 1995, petitioner signed Elan's 1990 corporate tax return, which states that he owned 100 percent of the common stock.  He also authorized his former spouse to sign Elan's New York City and State returns for 1985, which state he was the only shareholder of Elan who owned more than 5 percent of Elan's stock.

Petitioner testified that he and his former spouse were equal business partners.  Wahba testified that he believed petitioner and his former spouse were each 50-percent partners based on what petitioner's former spouse told him and his observation that they both worked at the business.  Petitioner testified that Elan never issued any shares of stock and that the

stock certificates were blank.  Wahba testified that he did not help to incorporate Elan, or help to maintain Elan's corporate minutes and stock register, or to transfer stock certificates.

Wahba prepared Elan's New York City and State tax returns for 1985, which show that petitioner was the only shareholder who owned more than 5 percent of Elan's stock.  Wahba could not explain why he did not report petitioner's former spouse as a shareholder owning more than 5 percent of Elan's stock as required on those returns.

Petitioner points out that Elan's 1989 corporate income tax return, which Wahba prepared, and an undated application by Elan to the State Insurance Fund for a disability insurance policy that petitioner signed state that both petitioner and his former spouse owned Elan.  However, based on all of the evidence in this case, we are not convinced that petitioner owned only 50 percent of the stock of Elan in 1990.  As discussed next, the $120,059 is taxable to petitioner even if he did not own all of the stock of Elan.

2.   Whether the $120,059 Petitioner Retained Is Taxable to Him

The $120,059 that petitioner retained is taxable to him as an accession to wealth because he did not use it for corporate purposes.  Sec. 61(a); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-431 (1955); Getty v. Commissioner, 913 F.2d 1486,

1490 (9th Cir. 1990), revg. 91 T.C. 160 (1988); <u>Herbert v. United States</u>, 850 F.2d 32, 34 (2d Cir. 1988).[1]

Petitioner points out that he paid his former spouse $6,800 from the cash that he retained. Petitioner testified vaguely that he gave his former spouse more than $6,800. However, petitioner's testimony does not give us a sufficient basis to reduce his taxable income. A taxpayer may not avoid income by assigning it to another. <u>Lucas v. Earl</u>, 281 U.S. 111 (1930). Petitioner did not show that the $6,800 was an expense of Elan. Thus, the fact that he transferred $6,800 to her does not reduce his taxable income by that amount. <u>Id.</u>; <u>Ianniello v. Commissioner</u>, 98 T.C. 165, 173 (1992).

3. <u>Conclusion</u>

We conclude that all of the $120,059 is gross income to petitioner because he owned 100 percent of Elan and received that amount as an accession to wealth.

C. <u>Whether Petitioner Is Liable for the Addition To Tax for Failing To Timely File His Return Under Section 6651(a)</u>

Petitioner did not file a Federal income tax return for 1990. Section 6651(a)(1) provides for an addition to tax for failure to file a Federal income tax return unless the taxpayer shows that the failure was due to reasonable cause and not willful neglect. The burden of proof is on the taxpayer to show that the failure is due to reasonable

---

[1]In light of our conclusion, we need not decide whether Elan was an S or a C corporation and whether the $120,059 was a distribution in respect of stock.

cause and not willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985); Davis v. Commissioner, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).  To prove reasonable cause, a taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989).  To disprove willful neglect, a taxpayer must prove that the late filing did not result from a "conscious, intentional failure or a reckless indifference." United States v. Boyle, supra at 245.

Petitioner contends that he is not liable for the addition to tax for failing to file his 1990 return because he did not know until the end of 1993 that Elan had not filed a 1990 return.  We disagree. Elan's late filing does not excuse petitioner.

Petitioner also contends that he is not liable for the addition to tax for failing to file his 1990 return because he believed that he did not owe any tax.  We disagree.

Petitioner did not keep records, required under section 6001, to support his claim that he spent most of the $120,059 for business.  He does not contend that he relied on Wahba or Sheikh.  The fact that petitioner thought he owed no tax, without more, does not excuse his failure to file a return.  Linseman v. Commissioner, 82 T.C. 514, 523 (1984).  Absent advice from competent counsel, a taxpayer's erroneous belief that he or she did not have taxable income is usually not

reasonable cause under section 6651(a). <u>Manning v. Commissioner</u>, 614 F.2d 815, 817 (1st Cir. 1980), affg. T.C. Memo. 1979-146; see <u>Heman v. Commissioner</u>, 283 F.2d 227, 232 (8th Cir. 1960), affg. 32 T.C. 479 (1959) (erroneous belief that no tax is due is not reasonable cause for failure to file fiduciary return). There is no evidence that petitioner tried to calculate his taxable income for 1990. Petitioner has not shown that he had reasonable cause under section 6651(a). We conclude that petitioner is liable for the addition to tax for failure to file his 1990 return under section 6651(a).

D.     <u>Whether Petitioner is Liable for the Addition to Tax for Failure to Pay Estimated Tax Under Section 6654</u>

The addition to tax for failure to pay estimated tax under section 6654 is mandatory unless the taxpayer shows that he meets one of the exceptions in section 6654(d), none of which apply here. <u>Baldwin v. Commissioner</u>, <u>supra</u> at 871; <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980). Extenuating circumstances and reasonable cause are not relevant under section 6654. <u>Baldwin v. Commissioner</u>, <u>supra</u>; <u>Bagur v. Commissioner</u>, 66 T.C. 817, 824 (1976), remanded on other issues 603 F.2d 491 (5th Cir. 1979). Petitioner did not argue this issue on brief. We conclude that he is liable for the addition to tax for 1990 for failure to pay estimated tax.

To reflect concessions and the foregoing,

Decision will be

entered under Rule 155.